■ In the Matter of JOHN A. ARETAKIS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [791 NYS2d 687]—

Per Curiam. Respondent, an attorney admitted to practice law in this state, made certain public statements concerning

two Roman Catholic priests who thereafter filed complaints against respondent with petitioner. Petitioner forwarded the complaints to respondent who, in turn, disclosed the complaints to the Albany Times Union newspaper without first obtaining judicial authorization to do so. As a consequence, petitioner charged respondent with violating the provisions of Judiciary Law § 90 (10).

Respondent now moves for, inter alia, an order nunc pro tunc permitting him to divulge the contents of the complaints made against him and for an order dismissing the petition of charges. Petitioner opposes the motion and cross-moves for an order declaring that no factual issues are raised and fixing a time at which respondent may be heard in mitigation (*see* 22 NYCRR 806.5). Judiciary Law § 90 (10) provides that "all papers, records and documents . . . upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney . . . shall be sealed and be deemed private and confidential." The statute, however, empowers the Appellate Division "upon good cause being shown . . . to permit to be divulged all or any part of such papers, records and documents" (*id.*). The Court of Appeals has observed that Judiciary Law § 90 and its counterparts "reflect a policy of keeping disciplinary proceedings involving licensed professionals confidential until they are finally determined. The policy serves the purpose of safeguarding information that a potential complainant may regard as private or confidential and thereby removes a possible disincentive to the filing of complaints of professional misconduct. The State's policy also evinces a sensitivity to the possibility of irreparable harm to a professional's reputation resulting from unfounded accusations—a possibility which is enhanced by the more relaxed nature of the [proceedings] . . . Indeed, . . . professional reputation 'once lost, is not easily restored' " (*Matter of Johnson Newspaper Corp. v Melino*, 77 NY2d 1, 10-11 [1990], quoting *People ex rel. Karlin v Culkin*, 248 NY 465, 478 [1928] [citations omitted]).

The foregoing language makes plain that the confidentiality provisions of Judiciary Law § 90 (10) serve the dual purpose of encouraging complainants to come forward and safeguarding a professional's reputation. With that in mind, we are of the view that respondent's request for an order nunc pro tunc permitting release of the contents of the two complaints should be granted. Clearly, respondent's request constitutes a waiver of the confidentiality protections afforded to him by the provisions of the statute and, with respect to safeguarding the complainants who provided the information, we need note only that the

matters referred to in their complaints had to do with public statements already made by respondent and, thus, were already part of the public domain. Accordingly, we grant respondent's motion for an order nunc pro tunc and for dismissal of the petition of charges.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that respondent's motion for an order nunc pro tunc permitting him to disclose the contents of the complaints made against him is granted; and it is further ordered that respondent's motion to dismiss the petition is granted; and it is further ordered that petitioner's cross motion is denied.