STUART M. SIEGER et al., Respondents, v LOUIS ZAK et al., Appellants. [874 NYS2d 535]—

In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated February 21, 2008, as granted, in part, that branch of the plaintiffs' motion which was to compel the production of specified documents claimed by the defendants to be confidential attorney-client communications.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs were the two minority shareholders, and the defendant Louis Zak was the majority shareholder and chief executive officer, of the defendant Powersystems International, Inc. (hereinafter PSI). In December 2003, the plaintiffs expressed their interest in liquidating their investment in PSI. To that end, PSI engaged a business consultant, John Magee, among other things, to make recommendations to the board of directors as to the current and future value of the company. This engagement was formalized in an engagement letter executed by Magee and PSI. Based, in part, upon the information provided to them by Magee, the plaintiffs entered into a stock purchase agreement, pursuant to which they agreed to sell their combined minority interest to Zak, in his individual capacity, for the sum of $3,000,000. In 2005, Zak sold the company for a package worth more than $28,000,000.

The plaintiffs commenced the instant action alleging that Zak, with the assistance of Magee, fraudulently misrepresented the actual value of the plaintiffs' stock and concealed various communications received from investment bankers indicating a higher value than that disclosed to the plaintiffs prior to the sale of their interests. During the course of discovery, the

plaintiffs, inter alia, moved to compel production of documents included on the defendants' second and third "privilege logs" that the defendants claimed were subject to the attorney-client privilege, including communications between Magee and the corporation's attorneys concerning, among other things, the minority stock transaction and the stock purchase agreement. The Supreme Court granted the plaintiffs' motion in part, rejecting their contention that the subject documents were not confidential attorney-client communications, but determining that the plaintiffs nevertheless were entitled to disclosure of some of the documents based upon the crime-fraud exception to the attorney-client privilege. We affirm the order insofar as appealed from, but on a different ground (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]).

The attorney-client privilege, which is codified in CPLR 4503 (a), "fosters the open dialogue between lawyer and client that is deemed essential to effective representation" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377 [1991]). Since the attorney-client privilege " 'constitutes an "obstacle" to the truth-finding process,' " (*Matter of Priest v Hennessy*, 51 NY2d 62, 68 [1980]), however, the "protection claimed must be narrowly construed," and "its application must be consistent with the purposes underlying the immunity" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d at 377). Although the scope of the privilege is to be determined on a case-by-case basis, some general principles apply (*see Matter of Priest v Hennessy*, 51 NY2d at 68). Specifically, "[t]he privilege belongs to the client" (*People v Osorio*, 75 NY2d 80, 84 [1989]), and attaches if information is disclosed in confidence to the attorney "for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d at 378 [internal quotation marks omitted]). No attorney-client privilege arises unless an attorney-client relationship has been established (*see Matter of Priest v Hennessy*, 51 NY2d at 68-69). Moreover, communications made between a client and counsel which are shared with a third party generally are not privileged (*see People v Osorio*, 75 NY2d at 84). "The burden of proving each element of the privilege rests upon the party asserting it" (*id.* at 84).

Here, all of the communications that the defendants claim are privileged were made by and between Magee and attorneys employed by PSI, or were shared with Magee. Although communications between a corporation's attorneys and employees acting on behalf of that corporation can be protected by the attorney-client privilege (*see Upjohn Co. v United States*, 449

US 383, 390 [1981]), the communications listed on the defendants' second privilege log were principally made on behalf of Zak, in his individual capacity. With respect to any communications that may have been made on behalf of the corporation, to the extent that Magee could have been considered an agent of the corporation for certain purposes, he was not an agent for the purpose of making the subject communications (*see Hudson Val. Mar., Inc. v Town of Cortlandt*, 30 AD3d 377, 378 [2006]; *Netherby Ltd. v G.V. Trademark Invs.*, 261 AD2d 161 [1999]; *LeLong v Siebrecht*, 196 App Div 74, 76 [1921]). The documents listed on the defendants' third privilege log concern e-mail communications among Magee, Zak, and present defense counsel, regarding Magee's obligation to comply with the subpoenas served upon him by the plaintiffs. The defendants did not claim that Magee was a client of present defense counsel, nor did they allege that, at the time the communications were made, Magee was still serving as an agent of PSI, which had been sold prior to the commencement of this action.

Accordingly, the defendants failed to establish that any of the documents they were directed to produce were confidential attorney-client communications subject to the attorney-client privilege.

In light of our determination, we need not reach the issue of whether the Supreme Court properly directed the defendants to produce the subject documents pursuant to the crime-fraud exception to the attorney-client privilege. Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur. [*See* 18 Misc 3d 1143(A), 2008 NY Slip Op 50418(U).]