[883 NYS2d 835]

In the Matter of CHRISTOPHER RODEMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 2, 2009

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*John F. Speranza,* Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 18, 1998, and is employed as an assistant district attorney. Petitioner charged respondent with acts of misconduct arising from his actions as the prosecutor in two criminal actions. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee filed a report, which petitioner moves to confirm. Respondent cross-moves to disaffirm the report in part and to dismiss the petition on procedural grounds.

Respondent contends that, during the investigation conducted in this matter, counsel for petitioner violated Judiciary Law § 90 (10) by disclosing to the principal witness for petitioner a letter written by respondent in response to an inquiry made by counsel for petitioner concerning the conduct underlying the charges filed against respondent. Judiciary Law § 90 (10) protects from disclosure all papers, records and documents relating to an investigation into the conduct of an attorney, absent an order of this Court issued upon good cause shown for divulging such information.

Counsel for petitioner does not dispute that the letter in question is a document relating to the disciplinary investigation, but he contends that his conduct is authorized by the Rules of this Court (22 NYCRR 1022.19 [d] [1] [i]).

Counsel's reliance upon our rules is misplaced. The rule in question provides that petitioner may request a written response from an attorney who is the subject of a complaint and may provide a copy of the response to the complainant. Here, counsel provided the response to a witness, not to a complain-

ant. In fact, the investigation conducted in this matter was not initiated by a complainant but instead was commenced by counsel after he had read media accounts of respondent's alleged conduct in the two criminal actions.

■ We conclude, therefore, that counsel for petitioner violated Judiciary Law § 90 (10) when he disclosed to a witness during a disciplinary investigation into the conduct of respondent the letter written by respondent in response to the inquiry of counsel.

We disagree with respondent, however, that the violation necessitates the dismissal of the petition. It has been recognized that the confidentiality afforded to disciplinary proceedings by Judiciary Law § 90 (10) serves a dual purpose: it safeguards information that a complainant may deem private, thereby removing a potential disincentive to the filing of complaints alleging professional misconduct, and it protects an attorney's reputation from potentially unfounded accusations (*see Matter of Aretakis*, 16 AD3d 899 [2005]). Neither purpose is implicated here, because there was no public disclosure of confidential information. Consequently, under the circumstances of this case, dismissal of the petition based on the violation of Judiciary Law § 90 (10) is not warranted (*see Matter of Dondi*, 63 NY2d 331, 339-340 [1984]).

With respect to the merits of the petition, the Referee found that, during the course of a criminal trial at which respondent was the prosecutor, the trial court declared a recess during the testimony of an expert witness called by the prosecution and that, notwithstanding a directive to the contrary from the trial court, respondent spoke to the witness during the recess. The Referee further found that respondent initially informed the trial court that he had not done so but later admitted that he in fact had a conversation with the witness. In an unrelated criminal action before the same Judge, defense counsel negotiated a plea bargain with the court whereby, in exchange for a sentence that was less than the maximum allowed, defendant would enter a guilty plea to an indictment charging him with manslaughter and other crimes. The Referee found that, contrary to representations made by respondent to a victim advocate and to a member of the victim's family that the plea was taken over his objection, respondent had raised no objection to the plea bargain until after the plea was entered.

■ It is well settled that when the resolution of issues in a disciplinary proceeding depends upon the credibility of witnesses, a referee's findings are entitled to great weight (*see Mat-*

*ter of Cellino*, 21 AD3d 229, 231 [2005]). Here, the Referee's findings are fully supported by the record, and we confirm those findings.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 7-106 (a) (22 NYCRR 1200.37 [a])—disregarding a ruling of a tribunal made in the course of a proceeding; and

DR 8-102 (b) (22 NYCRR 1200.43 [b])—knowingly making false accusations against a judge.

We have considered, in mitigation, that this proceeding did not originate as the result of a complaint. Additionally, we have considered the previously unblemished record of respondent and his expression of remorse. Respondent, however, has violated the duty owed by every lawyer to the court to be candid and honest and has engaged in conduct that is inconsistent with his obligations as a public prosecutor (*see People v Brown*, 66 AD2d 158, 162-163 [1979]). Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

MARTOCHE, J.P., FAHEY, CARNI, GREEN and PINE, JJ., concur.

Order of censure entered.