JANE N. WILLIS, Appellant, v RICHARD C. WILLIS et al., Respondents. [914 NYS2d 243]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered June 9, 2009, as granted that branch of the defendants' motion which was pursuant to CPLR 3124 to compel her to produce certain e-mail communications and denied that branch of her cross motion which was for a protective order pursuant to CPLR 3103 with respect to those e-mail communications.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, inter alia, to recover damages for defamation based upon the conduct of the defendants, her former husband, Richard C. Willis, and his current wife, in sending an e-mail addressed to the plaintiff, which allegedly contained defamatory statements, and which was read by one of the children of the plaintiff and Willis. Despite the undisputed fact that the allegedly defamatory e-mail was addressed solely to the plaintiff, the plaintiff alleges that the defendants' act of sending the message to an e-mail account which was regularly used by the children constituted publication for purposes of establishing a defamation cause of action. After commencing the action, the plaintiff used the same e-mail account to communicate with her attorneys. The defendants moved, among other things, to compel the plaintiff to produce the e-mails sent to her attorneys, contending that they were not privileged communications. The plaintiff cross-moved, inter alia, for a protective order pursuant to CPLR 3103 with respect to those e-mail communications. In the order appealed from, the Supreme Court, among other things, granted that branch of the defendant's motion which was to compel the plaintiff to produce the e-mails sent to her attorneys, and denied that branch of the plaintiff's motion which was for a protective order with respect to those e-mail communications. We affirm the order insofar as appealed from.

The attorney-client privilege, which is codified in CPLR 4503 (a), "fosters the open dialogue between lawyer and client that is deemed essential to effective representation" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377 [1991]). Since the attorney-client privilege " 'constitutes an "obstacle" to the truth-finding process' " (*Matter of Priest v Hennessy*, 51 NY2d 62, 68 [1980], quoting *Matter of Jacqueline F.*, 47 NY2d 215, 219 [1979]), however, the "protection claimed must be narrowly construed" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d at 377). The scope of the privilege is to be determined on a case-by-case basis (*see Matter of Priest v Hennessy*, 51 NY2d at 68; *Matter of Jacqueline F.*, 47 NY2d at 222), and "[t]he burden of proving each element of the privilege rests upon the party asserting it" (*People v Osorio*, 75 NY2d 80, 84 [1989]).

Here, the plaintiff failed to meet her burden of demonstrating, as required to avoid discovery, that the e-mail communications between herself and her attorneys were made in confidence. According to the plaintiff, her children did not merely know the password to the e-mail account that she used to communicate with her attorneys, but the children regularly used the e-mail account, and, the plaintiff alleged, the defendants'

mere act of sending an e-mail addressed solely to her on that account constituted "publication" for purposes of establishing a defamation cause of action. Furthermore, the individuals who had unrestricted access to the plaintiff's attorney-client communications were not unrelated to the plaintiff's adversary or to her lawsuit (*cf. Stroh v General Motors Corp.*, 213 AD2d 267, 267-268 [1995]). While these individuals were the plaintiff's own children, they were also the children of her adversary, and the plaintiff's lawsuit is grounded upon the publication of the allegedly defamatory e-mail to one of the children. There is no evidence, moreover, that the plaintiff requested that the children keep the communications confidential. Under these circumstances, it cannot be said that the plaintiff had "a reasonable expectation of confidentiality" in the e-mail communications between herself and her attorneys, which communications were freely accessible by third parties (*People v Osorio*, 75 NY2d at 84; *cf. People v Mitchell*, 58 NY2d 368, 375 [1983]; *People v Harris*, 57 NY2d 335, 343 [1982], *cert denied* 460 US 1047 [1983]; *Sieger v Zak*, 60 AD3d 661, 662-663 [2009]; *In re Asia Global Crossing, Ltd.*, 322 BR 247, 251, 258 [Bankr SD NY 2005]; *Scott v Beth Israel Med. Ctr. Inc.*, 17 Misc 3d 934 [2007]). Accordingly, because "the attorney-client privilege does not attach unless there is a 'confidential communication' between counsel and his or her client" (*Matter of Vanderbilt [Rosner—Hickey]*, 57 NY2d 66, 76 [1982]), the Supreme Court properly granted that branch of the defendants' motion which was to compel the plaintiff to produce the subject e-mail communications, and properly denied that branch of the plaintiff's cross motion which was for a protective order pursuant to CPLR 3103 with respect to those e-mail communications. Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.