In three related actions, inter alia, to recover unpaid legal fees and damages for breach of fiduciary duty, nonparty Magnus Essunger appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated October 15, 2012, as denied his motion, in effect, to vacate so much of an order of the same court dated August 21, 2012, as directed the production of his application for admission to practice as an attorney in the State of New York, and all documents submitted in relation thereto by Troutman Sanders, LLP, Albert Jacobs, LLR Albert Jacobs, or any individuals on their behalf, for an in camera inspection.
Ordered that the order dated October 15, 2012, is reversed insofar as appealed from, on the law, with costs, and the appellant’s motion, in effect, to vacate so much of the order dated August 21, 2012, as directed the production of the appellant’s application for admission to practice as an attorney in the State of New York, and all documents submitted in relation thereto by Troutman Sanders, LLI] Albert Jacobs, LLF¡ Albert Jacobs, or any individuals on their behalf, for an in camera inspection is granted.
In these three related actions involving disputes over legal fees, the Supreme Court, by order dated August 21, 2012, directed the production of materials relating to the pending application of nonparty Magnus Essunger for admission to practice law in the State of New York, including all documents submitted by Troutman Sanders, LLP, Albert Jacobs, LLP, Albert Jacobs, or any individuals on their behalf, for an in camera inspection. Essunger thereafter moved, in effect, to vacate so *927 much of the order dated August 21, 2012, as directed the production of those materials. The Supreme Court denied the motion.
The Supreme Court lacked the discretion to direct the production of Essunger’s application, including supporting documents, for admission to the bar. Judiciary Law § 90 (10) mandates that “all papers, records and documents upon the application or examination of any person for admission as an attorney and counsellor at law . . . shall be sealed and be deemed private and confidential,” except that, upon good cause shown, the justices of the Appellate Division may, in their discretion, permit disclosure of such materials. “The provisions for confidentiality set forth in subdivision 10 of section 90 . . . were enacted primarily, if not only, for the benefit of the attorney” (Matter of Capoccia, 59 NY2d 549, 554 [1983]).
Contrary to the respondent’s contentions, under the circumstances of this case, the Supreme Court did not have discretion to direct the production of Essunger’s bar application simply because the respondent sought the materials directly from Essunger, and not from the Committee on Character and Fitness (cf. Matter of Rodeman, 65 AD3d 350, 352 [2009] [counsel violated Judiciary Law § 90 (10) by disclosing materials in his possession related to a disciplinary proceeding]). Under circumstances such as those presented here, allowing a party to obtain these confidential materials by the simple expedient of demanding them from the applicant would unreasonably circumvent the protection afforded by Judiciary Law § 90. Mastro, J.E, Skelos, Balkin and Roman, JJ., concur.