[993 NYS2d 712]

In the Matter of GARRETT R. LACARA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 10, 2014

### APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

*Garrett R. Lacara*, Fairview, Texas, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

By decision and order on application dated April 4, 2012, this Court, inter alia, authorized the Grievance Committee for the Tenth Judicial District to institute and prosecute a disciplinary proceeding against the respondent, based upon the acts of professional misconduct set forth in a verified petition dated January 30, 2012. The issues raised by the petition, and any answer thereto, were referred to the Honorable Charles F. Cacciabaudo, as Special Referee, to hear and report.

The Grievance Committee served the respondent with a verified petition dated January 30, 2012, containing 12 charges of professional misconduct. After a hearing, the Special Referee sustained all 12 charges. The Grievance Committee now moves to confirm the Special Referee's report, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent has failed to submit any opposition or other response to the motion.

Each of the 12 charges is premised on the respondent's failure to respond to the lawful demands of the Grievance Committee in its investigation of six separate grievance complaints that had been filed against him. The underlying factual allegations are as follows:

By letter dated December 18, 2008, sent by first-class mail to the respondent's last known address, P.O. Box 633, Ocean Beach, New York (hereinafter the Ocean Beach address), the Grievance Committee provided the respondent with a copy of a complaint filed against him by Ann J. Wendt (hereinafter the Wendt complaint), and requested that he submit a written answer. Although the letter was not returned as undelivered, no answer was received.

By letter dated January 7, 2009, sent by certified mail, return receipt requested, to the Ocean Beach address, the Grievance Committee provided the respondent with a copy of the Commit-

tee's previous letter, and requested again that the respondent submit a written answer to the Wendt complaint. Although postal records reflect that the certified letter was delivered on February 20, 2009, no answer was received.

By letter dated January 8, 2009, sent by first-class mail to the Ocean Beach address, the Grievance Committee provided the respondent with a copy of a complaint filed against him by James and Denise Cruickshank (hereinafter the Cruickshank complaint), and requested that he submit a written answer. Although the letter was not returned, the respondent failed to answer.

By letter dated February 17, 2009, sent by first-class mail and certified mail, return receipt requested, to the Ocean Beach address, the Grievance Committee provided the respondent with a copy of its previous letters, and requested that he submit a written answer to the Wendt and Cruickshank complaints, as well as an explanation for his failure to timely cooperate. Although the letter sent by first-class mail was not returned, and postal records reflect that the certified letter was delivered on February 26, 2009, no answer was received.

By letter dated March 9, 2009, sent by first-class mail to the Ocean Beach address, the Grievance Committee provided the respondent with a copy of a complaint filed against him by Andrew J. Begina, Jr. (hereinafter the Begina complaint), and requested that he submit a written answer. Although the letter dated March 9, 2009 was not returned, no answer was received.

By letters dated April 14, 2009, sent by first-class mail and certified mail, return receipt requested, to 380 Forest Oaks Drive, Fairview, Texas (hereafter the Fairview address), the Grievance Committee advised the respondent that a sua sponte complaint and investigation had been commenced against him based upon a letter from the Lawyers' Fund for Client Protection and accompanying bank report (hereinafter the sua sponte complaint), and requested that he submit a written answer, together with related bank and bookkeeping records. In addition, the Grievance Committee provided the respondent with copies of the Committee's prior letters, and requested again that he submit written answers to the Wendt, Cruickshank, and Begina complaints, together with an explanation for his failure to timely cooperate. Although the certified letter dated April 14, 2009 was returned as "Not Deliverable as Addressed, Unable to Forward," the letter sent by first-class mail was not returned. Nonetheless, the respondent failed to submit any written

answers and provide bank and bookkeeping records as requested.

By letter dated June 12, 2009, sent by first-class mail to the respondent at 20 Karen Drive, Sayville, New York (hereinafter the Sayville address), the Grievance Committee provided the respondent, at his request, with a draft affidavit of resignation pursuant to the Rules Governing the Conduct of Attorneys for his review and consideration. By further letters dated June 18, 2009, sent by first-class mail to the Sayville address, the Grievance Committee also provided the respondent with copies of the Wendt, Cruickshank, and Begina complaints, the bank report underlying the sua sponte complaint, and the Committee's prior letters, and reminded him of his obligation to submit a written answer in each. Although the letters dated June 12, 2009 and June 18, 2009 were not returned, the respondent submitted neither a written answer to any of the complaints nor an affidavit of resignation in proper form.

By letter dated September 2, 2009, sent by first-class mail to the Ocean Beach address, the Grievance Committee provided the respondent with a copy of a complaint filed against him by Kathy Castaldo (hereinafter the Castaldo complaint), and requested that he submit a written answer. The letter dated September 2, 2009 was returned.

By letter dated September 23, 2009, sent by first-class mail to the respondent at 380 Forest Oaks Drive, McKinney, Texas (hereinafter the McKinney address), the Grievance Committee provided the respondent with a copy of the Castaldo complaint, and requested that he submit a written answer. Although the letter dated September 23, 2009 was not returned, the respondent failed to submit an answer.

By letters dated October 6, 2009, sent by first-class mail to the McKinney address, the Grievance Committee provided the respondent with another copy of the Wendt, Cruickshank, Begina, sua sponte, and Castaldo complaints, as well as copies of the Committee's prior letters, and once again requested that he submit a written answer to each complaint, together with the previously requested bank and bookkeeping records, and an explanation for his failure to timely cooperate. Although the letter dated October 6, 2009 was not returned, the respondent failed to respond.

By letter dated March 22, 2010, sent by first-class mail to the McKinney address, the Grievance Committee provided the respondent with a copy of a complaint filed against him by Vir-

ginia Iorizzo-Callahan (hereinafter the Iorizzo-Callahan complaint) and requested that he submit a written answer. Although the March 22, 2010 letter was not returned, the respondent failed to submit an answer.

By letter dated July 9, 2010, sent by certified mail, return receipt requested, to the McKinney address, the Grievance Committee once again provided the respondent with copies of its previous letters, and requested him to submit a written answer to each of the six complaints, together with the related bank and bookkeeping records, and an explanation for his failure to timely cooperate. The letter dated July 9, 2010 was returned.

By letter dated August 16, 2010, sent by first-class mail and certified mail, return receipt requested, to 5850 Town and Country Boulevard, Frisco, Texas (hereinafter the Frisco address), the Grievance Committee provided the respondent with a copy of the July 9, 2010 letter and, once again requested that he submit a written answer to each complaint. The letter dated August 16, 2010 was returned due to "Insufficient Address."

By email dated September 7, 2010, sent to the respondent's email address, the Grievance Committee provided the respondent with copies of the Committee's letters dated July 9, 2010 and August 16, 2010, and requested his written answer to each of the six complaints. The respondent did not reply.

Charges 1, 3, 5, 7, 9 and 11, allege that the respondent engaged in conduct that is prejudicial to the administration of justice by failing to respond to the lawful demands of the Grievance Committee in its investigation of, respectively, the Wendt, Cruickshank, Begina, sua sponte, Castaldo, and Iorizzo-Callahan complaints, in violation of former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d).

Charges 2, 4, 6, 8, 10 and 12, allege that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by failing to respond to the lawful demands of the Grievance Committee in its investigation of, respectively, each of the aforesaid complaints, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h).

The Grievance Committee called three witnesses—a law stenographer who identified the correspondence she prepared and sent to the respondent on the Grievance Committee's behalf; a New York attorney who forwarded the respondent's mail to him

at the Fairview address; and an investigator employed by the Grievance Committee, who was responsible for locating the respondent—and entered 28 documents in evidence, which established the factual allegations. Testifying in his own behalf, the respondent acknowledged that he has lived at the Fairview address since August 2008, and that he did not notify the Office of Court Administration of his change of address when he relocated to Texas, despite the requirement that he do so. Nonetheless, the respondent corresponded with the Grievance Committee in October and December 2008, using the Ocean Beach address. Moreover, in or about June 2009, the respondent requested that the Committee communicate with him at the Sayville address. Based upon the evidence adduced, we conclude that the Special Referee properly sustained all 12 charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we note that the respondent has engaged in a pattern and practice of failing to cooperate with the Grievance Committee's investigations. While the respondent testified in mitigation that he was afflicted with Lyme disease, which affected his memory and cognitive abilities during the relevant period, the Special Referee found this testimony to be "completely not credible." We find no basis in the record to disturb the Special Referee's credibility determination, which is entitled to great weight (*see Matter of Rodeman,* 65 AD3d 350 [2009]; *see also Matter of Abady,* 22 AD3d 71 [2005]; *Matter of Cohn,* 194 AD2d 987 [1993]). We note, further, that the respondent has a prior disciplinary history consisting of two letters of caution (1994, 2005) and a reprimand (2008) for, inter alia, neglect and lack of diligence in attending to legal matters entrusted to him, and improper withdrawal from a litigated matter.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of three years.

ENG, P.J., RIVERA, SKELOS, DILLON and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Garrett R. Lacara, is suspended from the practice of law for a period of three years, commencing October 10, 2014, and continuing until further order of this Court, with leave to apply for reinstatement on April 10, 2017, upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2)

fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Garrett R. Lacara, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Garrett R. Lacara, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).