Matter of Antzoulatos (2022 NY Slip Op 05524)

Matter of Antzoulatos

2022 NY Slip Op 05524

Decided on October 5, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ROBERT J. MILLER, JJ.

2020-00446

[*1]In the Matter of Alex G. Antzoulatos, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Alex G. Antzoulatos, respondent. (Attorney Registration No. 4870978)

DISCIPLINARY PROCEEDING commenced by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts pursuant to 22 NYCRR 1240.8 by the service and filing of a notice of petition and a verified petition, both dated January 14, 2020. Subsequently, the respondent served and filed a verified answer dated March 8, 2020, and the Grievance Committee served and filed a statement of disputed and undisputed facts dated April 21, 2020, which the respondent did not challenge. By decision and order on motion of this Court dated September 16, 2020, the respondent was immediately suspended from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.9(a)(1) and (3), and the matter was referred to Roger Bennet Adler, as Special Referee, to hear and report. By decision and order on motion dated December 28, 2020, Roger Bennet Adler was relieved as Special Referee and the matter was referred to David I. Ferber, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 26, 2011.

Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.
Alex G. Antzoulatos, Astoria, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition and a verified petition, both dated January 14, 2020, containing seven charges of professional misconduct. Subsequently, the respondent served and filed a verified answer dated March 8, 2020, and the Grievance Committee served and filed a statement of disputed and undisputed facts dated April 21, 2020, which the respondent did not challenge. By decision and order on motion of this Court dated September 16, 2020, the respondent was immediately suspended from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.9(a)(1) and (3), and the matter was referred to Roger Bennet Adler, as Special Referee, to hear and report. By decision and order on motion dated December 28, 2020, Roger Bennet Adler was relieved as Special Referee and the matter was referred to David I. Ferber, as Special Referee, to hear and report. Following a prehearing conference held on February 16, 2021, and a hearing conducted on March 5, 8, 10, and 15, 2021, the Special Referee filed a report dated June 7, 2021, in which he sustained all seven charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the [*2]respondent as the Court deems just and proper. The respondent opposes the motion. He asks that charges one and three through seven be dismissed, but states that the record supports a finding as to charge two.
The Petition
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: In or about March 2018, the respondent represented Giuseppe Mattina in the sale of real property located in Astoria. The respondent negotiated a contract of sale for the property with Nicholas Toumbekis, a prospective buyer. On April 2, 2018, Toumbekis sent the respondent signed copies of the contract and a personal check in the amount of $45,000, representing the down payment. The contract of sale provided for the down payment to be held in escrow by the respondent until the closing or earlier termination of the contract. On or about April 4, 2018, the respondent deposited the $45,000 down payment into his attorney escrow account at Citibank, account number ending in 3799 (hereinafter the escrow account). By June 1, 2018, prior to the closing of the sale, the respondent's escrow account balance had been depleted to $30,542.27. On or about July 20, 2018, the sale was cancelled. The respondent agreed to refund the down payment to Toumbekis. By August 18, 2018, and prior to refunding the down payment, the escrow account balance had been depleted to $50. On or about October 8, 2018, the respondent returned the down payment to Toumbekis via a bank check drawn on the account of his property management company, Astella Ventures.
Charge two alleges that the respondent made improper cash withdrawals from the escrow account, in violation of rule 1.15(e) of the Rules of Professional Conduct, as follows: Between February 1, 2018, and August 1, 2018, the respondent made three cash withdrawals from the escrow account. Between April 1, 2018, and July 1, 2018, the respondent issued 11 checks to cash from the escrow account.
Charge three alleges that the respondent entered into an improper fee sharing arrangement with a nonlawyer, in violation of rule 5.4(a) of the Rules of Professional Conduct, as follows: In or about September 2018, the respondent entered into a loan agreement with B.E. Blank, a nonattorney litigation funding lender based in the State of Florida, whereby he borrowed several hundred thousand dollars. Under the loan agreement, the respondent agreed to repay the loan within five years, by paying the lender 10% of his legal fees on each of his cases.
Charge four alleges that the respondent engaged in a conflict of interest, in violation of rule 1.7 of the Rules of Professional Conduct, as follows: The respondent is a co-owner of Charging Bull Realty Corp. (hereinafter Charging Bull). In or about 2019, the owner of a condominium hired Charging Bull to act as the broker in the sale of said property. The respondent thereafter also agreed to represent the owner in the sale of her condominium.
Charge five alleges that the respondent neglected a legal matter entrusted to him, in violation of rule 1.3 of the Rules of Professional Conduct, as follows: In or about September 2017, the respondent was retained by Emilio E. Perez to prosecute a civil action related to injuries he had sustained while hospitalized. On or about February 16, 2018, the respondent served and filed a summons with notice in New York County Supreme Court against, among others, New York Presbyterian Hospital and a hospital employee. On or about May 17, 2018, the defendants served the respondent with a demand for a verified complaint pursuant to CPLR 3012(b). On or about July 10, 2018, after the respondent failed to provide a verified complaint or otherwise respond to the demand, the defendants filed and served a motion to dismiss the summons. The respondent failed to respond to the motion to dismiss. The respondent failed to appear at four preliminary conferences, held on September 26, 2018, December 19, 2018, January 30, 2019, and March 20, 2019. By order dated March 20, 2019, the New York County Supreme Court granted the defendants' motion to dismiss the summons.
Charge six alleges that the respondent failed to file retainer and closing statements with the Office of Court Administration (hereinafter the OCA) for a personal injury case, in violation of rule 8.4(d) of the Rules of Professional Conduct, as follows: In or about September 2017, the respondent entered into a retainer agreement with Emilio E. Perez to represent him on his personal injury matter, which provided that the respondent's compensation was to be contingent upon the successful prosecution or settlement thereof. Pursuant to the Rules of the Appellate Division, Second Department (22 NYCRR) § 691.20(a), the respondent was required to file a retainer statement with the OCA within 30 days of being retained. The respondent failed to file the required [*3]retainer statement for Perez's personal injury matter. By order dated March 20, 2019, the New York County Supreme Court dismissed Perez's personal injury action. Pursuant to the Rules of the Appellate Division, Second Department § 691.20(b), the respondent was required to file a closing statement with the OCA within 30 days of the dismissal. The respondent did not file the required closing statement for Perez's personal injury matter.
Charge seven alleges that the respondent failed to cooperate with the petitioner's investigations into allegations of his professional misconduct, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct, as follows: Between July 20, 2018, and August 12, 2019, the Grievance Committee received six complaints of professional misconduct against the respondent. By numerous letters, phone calls, and emails, between August 6, 2018, and November 6, 2019, and at his appearance at the Grievance Committee's office for an examination under oath (hereinafter EUO) on May 29, 2019, the Grievance Committee requested that the respondent provide written answers to the complaints of professional misconduct, along with certain information, including the respondent's escrow records.
On November 2, 2018, the respondent provided answers to the first two complaints, but failed to provide his escrow records. When the respondent failed to submit his answer to the third complaint, on March 28, 2019, the Grievance Committee sent a letter requesting that he contact the Grievance Committee to schedule an EUO. After he failed to do so, the Grievance Committee directed the respondent to appear for an EUO on April 24, 2019. At the respondent's request, the EUO was rescheduled to May 3, 2019, and again rescheduled to May 29, 2019.
On May 29, 2019, the respondent appeared at the Grievance Committee's office and testified under oath concerning the first three complaints. At the EUO, the respondent provided his outstanding answer to the third complaint, but failed to bring documents, including escrow records, that the Grievance Committee had previously requested on numerous occasions. Under oath, the respondent agreed to provide the previously requested escrow records and files, as well as additional information discussed during his testimony, no later than June 3, 2019. The respondent failed to provide anything further and failed to contact the Grievance Committee in any manner. The respondent also failed to provide written answers to three new complaints sent to him after the EUO, between July 22, 2019, and August 23, 2019.
On October 2, 2019, a letter was sent to the respondent directing him to appear for a second EUO on October 24, 2019. The respondent failed to either appear for his second EUO or contact the Grievance Committee in any manner.
Staff counsel for the Grievance Committee made several attempts to contact the respondent by telephone after the respondent failed to appear for the second EUO. In an email to the Grievance Committee on November 3, 2019, the respondent stated that he would provide his answers to the three newest complaints, as well as the outstanding information, including his escrow records. Staff counsel for the Grievance Committee replied by email on November 6, 2019, advising the respondent that the final deadline for his submissions was November 14, 2019. To date, the respondent has failed to either submit his outstanding answers to the three newest complaints or any of the outstanding information, or communicate with the Grievance Committee in any manner since November 3, 2019.
Findings and Conclusion
Based on the evidence adduced at the hearing and the respondent's own admissions, we find that the Special Referee properly sustained all the charges. The Special Referee's findings were supported by the record and we find no basis to disturb those findings. The Grievance Committee's motion to confirm the Special Referee's report is therefore granted.
In finding the respondent's testimony was not credible, the Special Referee noted that the respondent "offered conflicting explanations, irrelevant facts and deliberate evasive replies." The respondent testified "in a manner seeking to obfuscate, mislead and deliberately seek to change the subject." The Special Referee noted that the respondent's defenses were "deliberately naive" and unsupported even by the evidence presented by the respondent. We find no basis in the record to disturb the Special Referee's credibility determination, which is entitled to great weight (see Matter of Maggipinto, 125 AD3d 31; Matter of Rodeman, 65 AD3d 350).
In determining an appropriate measure of discipline to impose, we have considered, in mitigation, evidence that the respondent's conduct occurred during a period when he experienced health issues for which he sought medical treatment and the absence of a disciplinary history. Notwithstanding the mitigation advanced, the respondent has engaged in serious misconduct [*4]including, inter alia, the misappropriation of funds entrusted to him as a fiduciary; entering into an improper fee sharing agreement with a nonlawyer; engaging in a conflict of interest by representing the seller of a condominium while also having a financial interest in the brokerage company representing the seller; neglecting a client's legal matter, resulting in the dismissal of the client's action; and failing to cooperate with the Grievance Committee's investigation of multiple complaints. We have also considered, in aggravation, that the respondent has neither accepted responsibility for his conduct nor expressed genuine remorse; and delayed returning the down payment to Toumbekis—returning it only after Toumbekis filed a complaint with the Grievance Committee.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of five years, effectively immediately, without credit for the time the respondent has already served under the interim suspension imposed by this Court by decision and order on motion dated September 16, 2020.
LASALLE, P.J., DILLON, DUFFY, BARROS and MILLER, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted and the charges are sustained; and it is further,
ORDERED that the respondent, Alex G. Antzoulatos, a suspended attorney, is suspended from the practice of law for a period of five years, effective immediately, without credit for the time the respondent has already served under the interim suspension imposed by this Court by decision and order on motion dated September 16, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 5, 2027. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Alex G. Antzoulatos, shall continue to comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Alex G. Antzoulatos, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Alex G. Antzoulatos, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court