**Zelin v Brandt**

2025 NY Slip Op 31139(U)

April 7, 2025

Supreme Court, New York County

Docket Number: Index No. 153985/2021

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**

*Justice*

PART 47

------------------------------------------------------------------------------X

RANDY ZELIN,

Plaintiff,

- v -

HEIDI BRANDT,

Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153985/2021 |
| MOTION DATE | 01/03/2025 |
| MOTION SEQ. NO. | 013 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 013) 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 308, 309, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 342

were read on this motion to/for _____ SUMMARY JUDGMENT(AFTER JOINDER _____ .

In this defamation action, defendant, Heidi Brandt moves for summary judgment seeking to dismiss the only remaining cause of action against her for libel *per se*.

This case arises from a litany of litigation, both civil and criminal between, the parties, their partners, and associates, following the divorce of plaintiff's current wife, Julie Hecht, and defendant's current fiancé, Jerry Wells (NYSCEF Doc No 6 ¶ 6 – 7). Hecht and Wells were engaged in prolonged post-judgment of divorce litigation, in which plaintiff, an attorney, represented Hecht until he was disqualified pursuant to 22 NYCRR § 1200.01, as a lawyer may not advocate in a matter in which he is likely to be a witness (*id* at ¶ 7; *see also* NYSCEF Doc No 291). During, the post-judgment divorce litigation, Hecht allegedly sought the assistance of Wells' former business partner, Matthew Rosenblum, whom Hecht believed could provide her with information where Wells may have hidden assets (NYSCEF Doc No 6 at ¶ 19). On November 1, 2013, Hecht allegedly approached Rosenblum who was having dinner with Anette Altmann at a restaurant, which resulted in a violent confrontation and Rosenblum and Altmann

**153985/2021 ZELIN, RANDY vs. BRANDT, HEIDI**
Motion No. 013

**Page 1 of 8**

1 of 8

[* 1]

assaulting Hecht and plaintiff (*id*. at ¶¶ 20 – 22). Rosenblum and Altmann were criminally

charged and following disposition of the criminal case, Hecht filed a personal injury suit against

them (*id*. at ¶¶ 22 – 23; *see Julie Hecht v Matthew Rosenblum et al*, NYSCEF Doc No 160639

(hereafter the "personal injury suit").

During the personal injury suit, a dispute arose over Hecht's alleged eye injuries resulting

from the assault as Hecht testified and submitted an affidavit that she had not sought any

treatment for issues related to her eyes prior to the assault (NYSCEF Doc No 284). Plaintiff in

this action notarized this affidavit (*id*.). Defendant, in this action, states in her memorandum of

law, that she was following this litigation and contacted Rosenblum and Altmann's counsel,

James Kousouros, to inform him that she believed Hecht had lied in her deposition and her

affirmation (NYSCEF Doc No 278 at 2). Defendant claims that Hecht had sought reimbursement

from Wells during the divorce action for doctor's bills from eye doctors which Hecht averred she

had never received treatment from (*id*.). Defendant sent an email to Kousouros, in which she

stated:

> Hi James,
> I saw online that Ms. Hechts attorney is pushing back on the medical
> information. AND that she swears in her affidavit to not know any
> of the doctors. CRAZY!
>
> Jerry is going to forward you the 3 doctor/prescription documents,
> that I previously sent you, coming directly from Julie's email …. I
> hope this isn't a breach of anything confidential - I can't see how it
> could be...she voluntarily submitted those bills for reimbursement.
>
> Also, I've attached here a list of all of her doctor visits / prescriptions
> since around 2011. There could be other medications that correlate
> to eye "issues" but I just don't know enough and we are in THREE
> (3) different Courts with her ourselves right now - I just don't have
> the time to do more...
>
> Lastly, I noticed that her fiance/sometimes attorney/notary,
> notarized her last affidavit. We know he knows for fact that she is

**153985/2021  ZELIN, RANDY vs. BRANDT, HEIDI**
**Motion No.  013**

**Page 2 of 8**

lying about not seeing those doctors because he's admitted, in another Court, that sometime his credit card is used to pay medical bills...so most certainly he could know she is lying (Judge Sattlers order - referencing Mr. Zelin's negligence is attached).

He's been a real problem for us; notarizing false documents, failing to provide Family Court with the correct docket number when Judge Sattler made an Order of Consolidation, et. We brought him to the grievance committee and he is currently under review. Don't know if that could be useful for you...but most certainly anything you can do to prove him to be a liar and discredit him could be useful for us.

Hope this helps....look for Jerry's emails to follow.

-Heidi

(NYSCEF Doc No 238).

Plaintiff alleges that defendant's email was libelous in that it contained the following false statements: (1) that plaintiff knew Hecht was lying about seeing any doctors for vision related problems; (2) that plaintiff had been accused of negligence by Judge Sattler; (3) that plaintiff notarized false documents; (4) that plaintiff failed to provide the Family Court with the correct docket number; and (5) that the grievance committee took action with respect to Wells' claims against plaintiff.

## DISCUSSION

*Disclosure of Plaintiff's Disciplinary Hearing*

As a preliminary matter, plaintiff argues that defendant's summary judgment motion must be denied because she attached documents related to a grievance filed against plaintiff by Wells (NYSCEF Doc Nos 289 & 290). Judiciary Law § 90(10) states that "all papers, records and documents upon the application or examination of any person for admission as an attorney and counsellor at law and upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential." However, here since plaintiff alleges that one of the defamatory statements made

**153985/2021   ZELIN, RANDY vs. BRANDT, HEIDI**
**Motion No.  013**

**Page 3 of 8**

by defendant was, "We brought him to the grievance committee and he is currently under review," plaintiff has waived his statutory right to confidentiality since, the truth of that statement is at issue in this case (*see In re Aretakis,* 16 AD3d 899 [3d Dept 2005] [attorney waived statute preserving confidentiality by publicly contesting contents of complaints made against him]).

In his complaint, plaintiff alleges that the defendant knowingly lied by stating that "The Grievance Committee took action with respect to Wells' (and apparently defendant's) claims against Zelin" (NYSCEF Doc No 6 ¶ 38). By raising this allegation, plaintiff made the truth of this statement at issue in this matter and cannot argue that his confidentiality protections were violated when defendant submits evidence in support of the statement's truth (*see Willis v Willis*, 79 AD3d 1029 [2d Dept 2010] [when "privilege constitutes an obstacle to the truth-finding process … protection claimed must be narrowly construed"]). Accordingly, the motion will not be denied on these grounds.

*Summary Judgment Standard*

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material

**153985/2021   ZELIN, RANDY vs. BRANDT, HEIDI**
**Motion No.  013**

**Page 4 of 8**

issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

*Substantial Truth / Opinion*

"The essence of the tort of libel is the publication of a statement about an individual that is both false and defamatory" (*Guerrero v Carva*, 10 AD3d 105, 111 [1st Dept 2004]). "[A] libel action cannot be maintained unless it is premised on published assertions of *fact*" thus an assertion of opinion cannot maintain a libel action (*id.*). Further, "[t]ruth is an absolute defense to a libel action, regardless of the harm done by the statements" (*Matovcik v Times Beacon Record Newspapers*, 46 AD3d 636, 638 [2d Dept 2007]). Even if a statement is not technically true, a defendant can assert truth as a defense if the statement is "substantially true," meaning that minor inaccuracies in a statement are acceptable (*id.*). "The test of whether a statement is substantially true is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced" (*id.* [internal quotation marks omitted]).

**153985/2021  ZELIN, RANDY vs. BRANDT, HEIDI**
**Motion No.  013**

**Page 5 of 8**

5 of 8

Here, defendant argues that the allegedly defamatory statements were either "substantially true" or were non-actionable opinions. As for plaintiff's claims that defendant libeled him by stating that "We brought him to the grievance committee and he is currently under review," defendant submitted proof that Mr. Wells did submit a complaint about plaintiff to the Departmental Disciplinary Committee (NYSCEF Doc No 289). To the extent that plaintiff takes issue with defendants' use of the phrase "currently under review" and argues that this implies that the Committee has taken action against him, the statement falls within the "substantially true" standard as a reasonable reader of that statement would be aware that the Committee had yet to make a substantive determination on his alleged misconduct. Therefore, a libel action cannot be maintained on this statement.

As for defendant's statement that plaintiff failed "to provide Family Court with the correct docket number when Judge Sattler made an Order of Consolidation," plaintiff admits that he did provide the Family Court with the wrong docket number, however plaintiff argues that the context of the statement would lead a reader to believe that plaintiff purposefully made that error (NYSCEF Doc No 316 ¶¶ 45 – 47). However, even in the context of the other accusations, and that defendant's statement was literally true, the implication suggested by plaintiff can at worst be non-actionable opinion. Further, a reasonable reader of the statement would not assume that defendant was implying she had some sort of inside knowledge that plaintiff had made this error on purpose. Therefore, a libel action can also not be maintained on this statement.

Next, as for plaintiff's allegation that defendant libeled him by implying that he was disqualified from representing Hecht because he was "negligent", plaintiff is correct that the order does not actually accuse him of "negligence" and states that he was disqualified because of the "advocate witness rule." However, considering that defendant is not a lawyer, a fact known

**153985/2021  ZELIN, RANDY vs. BRANDT, HEIDI**
**Motion No.  013**

**Page 6 of 8**

6 of 8

[* 6]

by the intended reader of the email, it is evident that defendant was not referring to a legal definition of negligence but rather a layman's definition. In that context, defendant's labeling of the undisputed fact, that plaintiff was disqualified for depositing money into Hecht's account as "negligent" is one of pure opinion and is unactionable.

Finally, as for defendant's statements that plaintiff "knows for fact that [Hecht] is lying" when he notarized her affidavit, and that plaintiff has "notariz[ed] false documents," while defendant argues that these statements are "substantially true" because she has submitted evidence that Hecht had previously seen the eye doctor, she failed to submit any evidence that plaintiff knew about this prior to notarizing Hecht's affidavit. Accordingly, summary judgment must be denied as for these two statements.

Accordingly it is,

ORDERED that defendant's motion for summary judgment is granted as for the claims arising out of statements, 2, 4, 5 in the complaint (NYSCEF Doc No 6 at ¶ 38(c)); and it is further

ORDERED that defendant's motion for summary judgment is denied as for the claims arising out of statements 1 and 3 in the complaint (NYSCEF Doc No 6 at ¶ 38(c)); and it is further;

ORDERED that plaintiff's cross-motion for sanctions is denied.

20250407170229PGOETZ62488A1EBF8A452DBE184D461E71D37C

| **4/7/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153985/2021  ZELIN, RANDY vs. BRANDT, HEIDI**
**Motion No.  013**

**Page 7 of 8**